## J. J. KNOX, Com'r, v. R. H. McCAIN et al.

1. LIEN. *Vendor.* A payment by the maker of notes secured by an express vendor's lien, which notes a sub-vendee has agreed to pay in part consideration of his purchase, will not extinguish the lien.

2. MORTGAGE. *Courts should enforce the contract.* If a mortgage or trust deed made to secure a debt expressly stipulate for a sale of the property, in case of default in payment, free from the equity of redemption, it is the duty of the court, in the absence of some controlling equity, to enforce the contract.

### FROM SHEBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

W. M. RANDOLPH for complainant.

T. F. CASSELS for defendants.

COOPER, J., delivered the opinion of the court.

Bill to sell land under a trust deed to secure the complainant's debt. The principal question raised by the

exceptions of the complainant to the report of the Referees is upon the prior right of the defendant, Minerva J. Owens, to be first paid out of the proceeds of sale. The debt of the complainant was against McCain, who had executed the deed of trust. But McCain held title under a deed from the defendant, Owens. This deed recited that the land was sold and conveyed by Owens to McCain in consideration of $303.41, cash paid, and for the further consideration of the assumption by McCain, and his agreement to pay the one-half of two notes described, being notes for unpaid purchase money due from Owens to her vendor, and secured by a trust assignment of the land. The deed from Owens to McCain expressly retained a lien upon the land to "secure the payment of one-half of the above described notes." The bill itself set out these facts, and made Owens a defendant in order that she might "be required to set up any claim she may have." She did set up her claim by her answer, stating and proving that McCain had paid no part of said notes, and that she had herself been compelled to, and had paid them. The chancellor was of opinion that the payment by Owens had extinguished the notes, and her lien was gone. The Referees reported that the decree upon this point should be reversed. We concur with the Referees. A vendor who sells land in consideration of the vendee's assuming and paying a prior lien debt on the land becomes in equity the surety of the vendee, the latter, as between them, being the principal debtor, and may enforce rights accordingly :

Knox *v.* McCain.

*Snyder* v. *Summers,* 1 Lea, 534. Being legally compellable to pay the debt, the vendor might pay it voluntarily without affecting the equitable right: *McNeilly* v. *Cooksey,* 2 Lea, 40.

The exception that the debt was barred by the statute of limitations is not well taken, for no such defense is made either by McCain, the debtor, or the complainant. And the possession of both being in subordination to the lien, the statute has never begun to run: *Gudger* v. *Barnes,* 4 Heisk., 570.

The third exception is, however, well taken. The trust deed of the complainant expressly provides that in case of default the land shall be sold for cash, free from the equity of redemption. The Referees direct the sale to be made on time, and there is a decision of this court sanctioning such a decree in a similar case: *Frierson* v. *Blanton,* 1 Baxt., 272. But this decision has been repeatedly overruled in unreported cases, upon the obvious ground that the contract is authorized by statute and that the obligation thereof cannot be interfered with in the absence of some controlling equity. The costs of this court were rightly adjudged, the defendant, Owens, having by her appeal reversed the chancellor's decree.

Exceptions disallowed and report confirmed, with the modification that the sale shall be for cash.